IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JUDAH HAITZACKY,** | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION 06-00546-CB-B |
| **TOMMY BUFORD**[1], *et al.,* | : |
| Respondents. | : |

**REPORT AND RECOMMENDATION**

Judah Haitzacky, a native of Israel, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Haitzacky is no longer in ICE custody, having been repatriated to his native country on May 30, 2007.

---

[1] Neither Bill Bateman nor David O. Streiff presently serves as the Warden of the Perry County Correctional Center. Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, Tommy Buford, Acting Warden of that facility, is hereby substituted for Bateman and Streiff as the proper respondent in this action. See Fed.R.Civ.P. 25(d) ("The officer's successor is automatically substituted as a party .... The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

**I.    FINDINGS OF FACT**

1.    Haitzacky acknowledges that he is a native and citizen of Israel and that he entered the United States at the Canadian border on February 22, 2003, under an Israeli passport.[2] (Doc. 1).

2.    The Israeli Government alleges that Haitzacky was convicted before an Israeli Court on February 10, 2003 for assaulting his spouse, abusing a minor, assaulting a minor under aggravated circumstances, and suborning a witness during interrogation, that he failed to appear for sentencing on February 20, 2003, and that he fled to the United States shortly thereafter. (Docs. 1, Ex. D; Doc. 15).

3.    Haitzacky was taken into the custody of immigration officials on July 12, 2005. Thereafter, removal proceedings were initiated against him, and on July 14, 2005[3], an Immigration Judge issued an order of voluntary departure. (Doc. 1). Haitzacky appealed, and on November 3, 2005, the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's removal order. (Id.) Subsequently, on November 28, 2005, Haitzacky timely filed a

---

[2] While Haitzacky asserts in his petition that he entered the United States with a valid Israeli passport, which the customs agent failed to stamp upon entry, the Government contends that Haitzacky entered this country using a fake passport. (Doc. 15, p. 1).

[3] Haitzacky alleges that the Immigration Judge granted him voluntary departure on July 12, 2005, however, the record reflects that voluntary departure was granted on July 14, 2005. See (Docs. 1, Ex. C; 15, Ex. B).

2

petition for review of the removal order in the Second Circuit Court of Appeals. (Docs. 1; 15, Ex. A).

4.   While the petition for review was pending before the Second Circuit Court of Appeals, Haitzacky, on September 11, 2006, filed the instant petition for writ of habeas corpus.  (Doc. 1). Haitzacky argues that he is being unlawfully and indefinitely detained by ICE.  According to Haitzacky, he entered the United States with a valid passport and visa and is being detained due to a clerical error.  He further asserts that he is not guilty of the charges for which he was convicted in an Israeli court, that he is married to an American citizen, and that his counsel during his immigration proceedings rendered ineffective assistance. (Id.) Haitzacky seeks immediate release from custody under an order of supervision or on bond. (Id. at 10).

5.   On December 18, 2006, Haitzacky, through counsel, filed a joint stipulation with Respondents, wherein it was agreed that the November 3, 2005 Order of the BIA and the July 14, 2005 Order of the Immigration Judge would be vacated and the matter remanded for further proceedings before an immigration court. (Doc. 15, Exs. A, B).  As a result, Haitzacky's petition for review before the Second Circuit was dismissed, and the Second Circuit issued a mandate on December 22, 2006, remanding the case for further proceedings consistent with the parties' joint stipulation. (Id.)

4.   In their initial Answer, Respondents argued that because of

the parties' stipulation and the remand of his action, Haitzacky is no longer subject to a final order of removal; thus, he has failed to state a claim upon which relief can be granted. (Doc. 15).  In response, Haitzacky filed a motion to amend his petition to reflect that although he is no longer subject to a final order of removal, he is not subject to the mandatory detention provision found in 8 USC § 1226(c), and that he does not pose a threat to society; thus, his continued detention is unconstitutional. (Doc. 16).

Pursuant to the Court's Order dated May 12, 2009 (Doc. 19), Respondents filed an Amended Response wherein they advised the Court that Haitzacky was removed from the United States and repatriated to his native country on May 30, 2007.[4] (Doc. 21). Respondents contend that in light of Haitzacky's deportation to Israel, his habeas petition is now moot. (Id.)

II.   CONCLUSIONS OF LAW

1.   "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006).  Where, as here, a § 2241 petitioner has been

---

[4] Respondents indicate that Haitzacky was deported to Israel via a Continental Airlines flight originating from Newark, New Jersey. (Doc. 21, Ex. 1).

4

released from federal custody and repatriated to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot.  See id.

2.   The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'"  Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).  Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'"  Soliman, 296 F.3d at 1242.  Put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional."  Id. (internal citations omitted).

3.   Several district courts have determined that once an alien § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from

detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1." Gauchier v. Davis, 2002 WL 975434, *2 (E.D. La. 2002); see Camara v. INS, 2007 U.S. Dist. LEXIS 2465 (S.D. Ala.); Xing Hai Liu v. Ashcroft, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); Malainak v. Immigration & Naturalization Service, 2002 WL 220061 (N.D. Tex. 2002)(§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

4.   Much like the above-styled cases, this case has become moot. This Court can no longer grant Haitzacky the relief requested in his petition, namely his immediate release from ICE's custody pending his removal to Israel, because that relief has already been afforded him. (See Doc. 21).  Because there is nothing to remedy even if this Court were disposed to do so, Haitzacky's petition for habeas corpus relief is now moot and should thus be dismissed without prejudice. Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

## III.  CONCLUSION

The undersigned Magistrate Judge recommends that Haitzacky's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **2nd** day of **June, 2009**.

                                **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

              /s/ SONJA F. BIVINS
       **UNITED STATES MAGISTRATE JUDGE**